# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| Elizabeth Geyer | : Case No. 16-12015-jkf |
| Debtor. | : |
| | : Chapter 13 |
| TruMark Financial Credit Union | : |
| Movant | : 11 U.S.C. § 362 |
| v. | : |
| Elizabeth Geyer | : |
| Debtor | : March 28, 2018  9:30am |
| | : Courtroom # 3 |
| Frederick L. Reigle, Trustee | : |
| Additional Respondent | : |

## STIPULATION AND ORDER RESOLVING TRUMARK'S MOTION FOR RELIEF OR IN THE ALTERNATIVE ADEQUATE PROTECTION PAYMENTS AS TO THE 2010 FORD TRUCK F-150

AND NOW, comes TRUMARK FINANCIAL CREDIT UNION, ("Movant"), by and through its attorneys, McGivney, Kluger & Cook, P.C., and M. Jacqueline Larkin, Esquire, and filed this Stipulation for Settlement of the Motion for Relief from the Automatic Stay or in the Alternative Adequate Protection Payments, the stipulated terms are as follows:

WHEREAS, Debtor, Elizabeth Geyer, filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code on March 24, 2016 and:

WHEREAS, on February 28, 2018, Movant filed a Motion for Relief from the Automatic Stay or in the Alternative Adequate Protection ("Motion") with respect to 2010 Ford Truck F-150 alleging that Debtor was in default under the terms of the Security Agreement and Chapter 13 Plan for failure to make payments to Movant for adequate protection during the period before plan confirmation;

WHEREAS, Movant and Debtor wish to resolve and settle the issues raised in Movant's Motion for Relief pursuant to the terms and conditions set forth in this Stipulation.

NOW, THEREFORE, in consideration of the above recitals and intending to be legally bound hereby, Movant and Debtor through their duly authorized counsel, hereby agree as follows:

1. The parties agree that the total amount owed to Movant on the vehicle pursuant to the proof of claim at 1-1 is $19,743.86 and payments have not been made on the vehicle since April 1, 2016.

2. From this date forward, the parties agree that the Chapter 13 Trustee will pay adequate assurance payments of $300.00 per month to Movant TruMark Financial Credit Union out of the funds that have already been paid into the Chapter 13 plan thus far until Debtors' plan is confirmed. These monthly payments shall terminate upon Debtor's plan confirmation. The Debtor shall receive a credit for all adequate protection payments made against the total amount to be received by Movant through the plan.

3. Should Debtor fail to make plan payments to the extent that adequate protection payments are unable to be paid by the Chapter 13 Trustee to Movant, Movant shall notify Debtor and Debtor's attorney of the default and Debtor shall have TEN (10) days in which to cure the default. Should Debtor fail to cure the default within that time period, Movant shall file a certification of default with the bankruptcy court and the court shall issue an order modifying the Automatic Stay so to permit Movant to proceed with state court remedies with regard to the collection of the automobile loan debt and/or repossession of the vehicle.

4. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days of the conversion in order

to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cure within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

5. It is understood and agreed that Movant's acceptance of any payment under this Stipulation is not a waiver of Movant's rights to proceed in state court with state court remedies. Except as specifically stated herein or as limited by the Bankruptcy Code, it is agreed that and between the parties that all terms and conditions of the automobile loan since the date of default and/or judgment have been and continue to be and shall remain in full force and effect, as applicable under Pennsylvania law. Should Debtor default in any way under this Stipulation, Movant shall give Debtor any credit for payments made under the Stipulation as it relates to the state court remedies, and Movant shall proceed in a state court action.

6. Debtor's tendering of a check to Movant which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as to the term used in this Stipulation.

7. The parties agree that a facsimile signature shall be considered as an original signature.

AGREED TO IN ADVANCE:

|   |   |   |   |
|---|---|---|---|
| By: | *signature* | By: | /s/ M. Jacqueline Larkin |
|  | Jon M. Adelstein |  | M. Jacqueline Larkin, Esq. |
|  | 350 S. Main Street, Suite 105 |  | 1650 Arch Street, Suite 1800 |
|  | Doylestown, PA 18901 |  | Philadelphia, PA 19103 |
|  | 215-230-4250 |  | (215) 557-1990 |
|  | Attorney for Debtor, |  | *Attorney for Movant,* |
|  | *Elizabeth Geyer* |  | *TruMark Financial Credit Union* |

MCGIVNEY & KLUGER, P.C.

Dated: March 27, 2018

BY THE COURT:

_____
The Honorable Jean K. FitzSimon
United States Bankruptcy Judge

Dated:_____
United States Bankruptcy Judge